UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO BRAVO PINEDA,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No. 1:26-cv-01335-DJC-CSK

ORDER

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 3)) seeking an order releasing Petitioner from custody.  Given Respondents' indication that the Court should rule on the merits, the Court shall do so.

Petitioner entered the United States and "has been present and residing in the United States for years" prior to his present detention.  (Mot. at 8.)  Prior to Petitioner's present detention, it does not appear that he had any contact with immigration officials.  In late 2025, Petitioner was taken into ICE custody and has not been denied a bond hearing.  (Pet. ¶ 2.)

The Court's prior orders are largely dispositive on the issues raised in the Petition and Motion.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP,

1

2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).  For the reasons stated in those cases, Petitioner has established that he is entitled to relief.  As Petitioner has been present in the United States for years prior to his present detention, he is correct that he does not qualify as an "applicant for admission" and thus cannot be detained under 8 U.S.C. § 1225(b)(2).  *See Morillo*, 2025 WL 3707140, at *4.  Thus, Petitioner was entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Respondents are ORDERED to immediately release Petitioner Marcelino Bravo Pineda from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **February 20, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE